UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KATHY MARZ, on behalf of herself
and those similarly situated,

    Plaintiff,

v.                                                   CASE NO. 3:12-cv-239-J-99TJC-JBT

HOSPITAL INPATIENT SERVICES, LLC,
d/b/a ADREIMA, a Foreign Limited
Liability Company,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on the Joint Motion for Approval of Settlement and Incorporated Memorandum of Law ("Motion") (Doc. 7). Plaintiff brought this suit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, seeking, *inter alia*, unpaid overtime compensation. (Doc. 1.) In the Motion, the parties indicate that they have reached a settlement, without compromise, and request that the Court dismiss the case with prejudice. (Doc. 7.)

In general, strong public policy favors the voluntary settlement of lawsuits. *See, e.g.*, *Schering-Plough Corp. v. FTC*, 402 F.3d 1056, 1072-73 (11th Cir. 2005);

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

*Ehrheart v. Verizon Wireless*, 609 F.3d 590, 593 (3d Cir. 2010); *United States v. Lexington-Fayette Urban Cnty. Gov't*, 591 F.3d 484, 490 (6th Cir. 2010). However, fearing the often widely disparate bargaining power that typically exists between employers and employees, Congress made the FLSA's provisions mandatory, i.e., "not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982). Thus, before a court may dismiss an FLSA case based on the parties' settlement, the court must generally determine that the settlement represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions" after "scrutinizing the settlement for fairness." *Id.* at 1353, 1355.

However, some courts have stated that "[i]f the parties submit a stipulation stating that the plaintiff's claims will be paid in full, without compromise, there is no need for the Court to review the settlement." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1226 n.6 (M.D. Fla. 2009) (citation omitted); *see also King v. My Online Neighborhood, Inc.*, No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *3 (M.D. Fla. Mar. 7, 2007) ("Where the employer offers the plaintiff full compensation on his FLSA claim, no compromise is involved and judicial approval is not required.").

The parties state that "Defendant has agreed to pay Plaintiff the [below] amounts *without compromise*," and, specifically, that "Plaintiff will receive what she maintains are full damages as part of the settlement as follows: $3,159.80, less

applicable taxes and deductions, in Actual Damages and $3,159.80 in Liquidated Damages." (Doc. 7 at 2-3 (emphasis added).) The parties also disclose that "Plaintiff's counsel will receive $5,180.40 as payment of attorneys' fees and costs." (*Id.* at 3.)

Since there has been no compromise of Plaintiff's FLSA claim, there is no reason to believe that the attorney fee portion of the settlement affected Plaintiff's recovery. Therefore, there is no reason to scrutinize the fee. *Bonetti*, 715 F. Supp. 2d at 1226 n.6. Moreover, the amount of fees and costs does not appear unreasonable on its face.

Upon review of the parties' papers and the remainder of the file, the Court accepts the parties' stipulation that Plaintiff is receiving full compensation for her FLSA claim, without compromise. Therefore, the Court will recommend that the settlement be approved and the case be dismissed with prejudice.

Accordingly, it is respectfully **RECOMMENDED** that:

The settlement be approved and the case be dismissed with prejudice.

**DONE AND ENTERED** at Jacksonville, Florida, on May 16, 2012.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record